﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191007-36552
DATE: September 30, 2020

ORDER

Entitlement to service connection for erectile dysfunction, to include as secondary to hypertension is denied.

REMANDED

Entitlement to an initial compensable rating for service-connected bilateral hearing loss is remanded.

Entitlement to service connection for high blood pressure, also claimed as hypertension and heart condition due to Agent Orange is remanded.

FINDING OF FACT

The Veteran’s erectile dysfunction is not causally or etiologically due to service, and is not proximately due to or aggravated by a service-connected disability. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for erectile dysfunction have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from August 1965 to August 1968.  

This matter comes before the Board of Veterans’ Appeals (Board) from a May 2019 Appeals Modernization Act (AMA) rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).   

In October 2019, the Veteran filed a notice of disagreement (NOD) in which he requested the evidence lane. Under the evidence lane, the Board reviews the claim based on the evidence of record at the time of the prior rating decision, and evidence received within 90 days following receipt of the NOD. 38 C.F.R. § 20.303. In this case, additional evidence was received within the appropriate window for evidence lane review; therefore, the Board will consider the newly submitted evidence. 

Service Connection

Generally, to establish service connection a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Davidson v. Shinseki, 581 F.3d 1313, 131516 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303 (d). 

Service connection may be granted on a secondary basis for a disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310. The evidence must show: (1) that a current disability exists; and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated (worsened in severity beyond its natural progress) by a service-connected disability. Id.; Allen v. Brown, 7 Vet. App. 439, 44849 (1995). 

1. Entitlement to service connection for erectile dysfunction, to include as secondary to hypertension.

Favorable findings from the May 2019 rating decision include that the Veteran was diagnosed with erectile dysfunction in 2015. 

The Board acknowledges that a VA examination or medical opinion has not been obtained as to the claim for service connection for erectile dysfunction. VA must provide a medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service or with another service-connected disability, but (4) there is insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also 38 U.S.C. § 5103 (d)(2), 38 C.F.R. § 3.159 (c)(4)(i). The third prong, which requires that the evidence of record “indicate” that the claimed disability or symptoms “may be” associated with the established event, is a low threshold. McLendon, 20 Vet. App. at 83. 

However, the Board finds that no VA examination or opinion is required because, while there is evidence of a current disability, there is no evidence establishing that an injury, event, or disease occurred in-service, or indication that the disability may be associated with the Veteran’s service, so as to trigger the duty to provide a VA examination. The Veteran’s service treatment records do not show any complaints or treatment for conditions related to erectile dysfunction. There is also no lay evidence that indicates the Veteran had any erectile dysfunction symptoms in service. Therefore, direct service connection cannot be granted because there is no evidence of an in-service disease. 

Additionally, in February 2019 correspondence, the Veteran said his erectile dysfunction is caused by his hypertension medication. In legacy appeals, secondary issues are often remanded solely for being inextricably intertwined with a primary issue being remanded for evidentiary development. Under AMA, if there is no duty to assist error related to the secondary issue, denial of the secondary claim is appropriate. As the Veteran is not service connected for hypertension, secondary service connection is not warranted.

As the preponderance of the evidence is against the claim, the benefit-of-the-doubt rule does not apply. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).  Therefore, service connection cannot be granted based on direct service connection or secondary service connection as secondary to the Veteran’s hypertension. 

REASONS FOR REMAND

1. Entitlement to an initial compensable rating for service-connected bilateral hearing loss.

The Veteran is currently rated at zero percent for his service connected bilateral hearing loss under 38 C.F.R. § 4.85, Diagnostic Code 6100. The Veteran contends he is entitled to a higher rating.

In September 2020 correspondence, the Veteran said a hearing test “does not adequately portray the severity of his condition due to its having been conducted in the sterile quiet of an audiology booth and does not reflect the severity of his condition in the aspect of normal, daily life.” He additionally contends his hearing loss “more closely reflects the severity required for a higher disability rating.” 

The Veteran was afforded VA examinations for his bilateral hearing loss in June 2015 and May 2019. The Veteran’s Maryland CNC Word List speech recognition score and pure tone thresholds, in decibels, were as follows: 

06/2015 HERTZ

 1000 2000 3000 4000 Avg CNC

RIGHT 45 65 70 70 63 50

LEFT 70 75 85 90 80 48

05/2019 HERTZ

 1000 2000 3000 4000 Avg CNC

RIGHT 40 50 60 60 52.5 100

LEFT 35 40 60 60 48.75 100

The May 2019 examination shows the Veteran’s hearing was significantly improved particularly in speech discrimination scores. Based on the substantial inconsistencies in the VA examinations, the Board finds this was significant enough to warrant the Veteran undergo another VA examination. See 38 C.F.R. § 4.2. As the Veteran did not undergo another VA examination, the Board finds that this is pre-decisional duty to assist error. 38 C.F.R. § 20.802 (2019). 

2. Entitlement to service connection for high blood pressure, also claimed as hypertension and heart condition due to Agent Orange.

Favorable findings from the May 2019 rating decision include that the Veteran was diagnosed with hypertension in October 2014, and the Veteran served in the Republic of Vietnam, thus herbicide exposure is presumed. 

In Polovick v. Shinseki, the Court recognized that to permit the denial of service connection for a disease on the basis that it is not likely there is any nexus to service solely because the statistical analysis does not support presumptive service connection, would, in effect, permit the denial of direct service connection simply because there is no presumptive service connection. 23 Vet. App. 48, 55 (2009). The Court maintained that this is contrary to the recognition in Stefl that “[t]he existence of presumptive service connection for a condition based on exposure to Agent Orange presupposes that it is possible for medical evidence to prove such a link before the National Academy of Sciences recognizes a positive association.” Polovick, Vet. App. at 55 (quoting Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007)). 

Hypertension is not currently a disease listed as presumptively associated with exposure to herbicide agents. Nevertheless, this does not preclude the Veteran from establishing service connection due to such exposure under a theory of direct causation. See Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994). The Board finds the Veteran’s presumed exposure to herbicides, and his contentions that his hypertension is related to herbicide exposure was sufficient to trigger VA’s duty to afford the Veteran a VA examination and opinion to assist him in substantiating his claim on a direct basis. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). The Board notes the Veteran had a VA examination in March 2019 for his heart conditions, which briefly mentioned his hypertension, but there has been no opinion as to whether the Veteran’s hypertension is related to service, to include as due to herbicide exposure. The failure to conduct such development constitutes a pre-decisional duty to assist error. 38 C.F.R. § 20.802 (2019). 

The matters are REMANDED for the following action:

1. Obtain a new VA examination to determine the severity of the Veteran’s hearing loss. If the examiner determines the Veteran’s hearing has improved since his June 2015 VA examination, please provide an explanation. 

2. Obtain a VA examination to determine the nature and etiology of the Veteran’s hypertension. 

Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The entire file should be made available to the examiner. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran’s service treatment records, post-service medical records, and assertions. 

The examiner should opine as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s hypertension:

a) Had its onset in service, or 

b) Is otherwise related to an in-service injury, event, or disease, to include herbicide exposure.

In rendering this opinion, the examiner must consider and address the National Academy of Sciences Institute of Medicine’s Veterans and Agent Orange: Update 11 (2018), which is noted in the Veteran’s September 2020 correspondence. 

The examiner is requested to provide a clear rationale and explain in detail the underlying reasoning for any opinions expressed. A discussion of the facts and medical principles involved would be of considerable assistance to the Board. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation. 

 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Papacalos, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.